UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA BURCHFIELD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:25-cv-00710-SRC |
| NINA MATTINGLY et al., | ) ) ) |
| Defendants. | ) ) ) |

**Memorandum and Order**

Lisa Burchfield, a self-represented litigant, sues several individuals and entities under 42 U.S.C. § 1983 in connection with her daughter's removal from her custody. Doc. 1 at 3, 6; doc. 1-1 at 1–2 (The Court cites to page numbers as assigned by CM/ECF.). Burchfield moves for leave to proceed *in forma pauperis*, doc. 3, and for appointment of counsel, docs. 2, 6. Burchfield also moves for a temporary restraining order, doc. 7, and emergency protective relief, doc. 15. Additionally, she seeks leave to file her daughter's affidavit under seal. Doc. 9. Finally, Burchfield filed a "Motion to Update Case and Request Fee Waiver and Legal Assistance." Doc. 17.

Upon review of the financial information that Burchfield provided, docs. 3, 8, 16, the Court determines that Burchfield "is unable to pay" the filing fee in this case, 28 U.S.C. § 1915(a)(1). The Court therefore grants Burchfield's motion to proceed *in forma pauperis* and waives the filing fee. Doc. 3. For the reasons discussed below, the Court dismisses Burchfield's complaint under 28 U.S.C. § 1915(e)(2)(B), denies her motion to update her case, grants her motion to seal the affidavit, and denies all other motions as moot.

I.     **Background**

Burchfield sues Missouri Department of Social Services employees Nina Mattingly, Denise Smith, Brittany Chandler, and Shomica Davis; the Overland Police Department; the City of Hazelwood; Missouri family-court Judges Jennifer Hoffman and Jason D. Dodson; Walter's Walk Counseling; and therapist Samantha Rank.  Doc. 1 at 3.  She also lists the State of Missouri, "Judge Olsen," Hazelwood Police Department, St. Louis County Jail, and Youth in Need as additional defendants.  Doc. 1-1 at 1.

Burchfield alleges that on September 17, 2021, she took her minor daughter, J.L., to a therapy session at Walter's Walk Counseling.  Doc. 1 at 8.  During the session, therapist Samantha Rank allegedly contacted the Hazelwood Police without lawful cause.  *Id*.  Officers arrived and removed J.L. without a court order or investigation.  *Id*.  The officers placed J.L. with Mea Burchfield, whom Burchfield describes as violent.  *Id*.

Burchfield states that "an investigation of [Burchfield] was later found [unsubstantiated], yet [J.L.] was never returned home."  *Id.*; doc. 1-1 at 1.  Instead, "[J.L.] was placed in Youth in Need"—where, according to Burchfield, an adult male sexually assaulted J.L. in November 2021.  Doc. 1 at 8; doc. 1-1 at 1.  Burchfield further alleges that Shomica Davis and other staff members ignored reports about this assault, and that J.L. received "no medical care" for her injuries.  Doc. 1-1 at 1.  After the alleged assault, Burchfield asserts that J.L. "was denied contact with her mother and transferred to another sibling to conceal the assault."  *Id.* at 2.  Eventually, someone took J.L. to the hospital, "where a broken rib was documented."  *Id.*

Burchfield argues that, because J.L. received inadequate medical care while in state custody, J.L. self-medicated with alcohol.  Doc. 1 at 9.  This led to J.L. experiencing a medical crisis, during which she attempted suicide.  *Id.*; doc. 1-1 at 2.  Following this attempt, J.L. "was

2

found unresponsive [and was] admitted to the hospital in a comatose state.  Doc. 1 at 9; doc. 1-1 at 2.

Burchfield alleges that the state denied J.L. ongoing care after a 2023 car accident, and that J.L. received only "minimal emergency care."  Doc. 1-1 at 2.  She then states that Shomica Davis "falsely claimed [J.L.] had ongoing treatment at Compass Medical Center," but that Burchfield "gathered video evidence disproving this."  Doc. 1-1 at 2.

Burchfield also claims direct harm.  On May 3 of an unspecified year, officers arrested her under her daughter's name without evidence of a crime.  Doc. 1 at 10.  She alleges that Judge Hoffman authorized the arrest, *id.*, and that Judge Olsen carried it out, *id.*; doc. 1-1 at 2.  (Burchfield makes no factual allegations against Judge Dodson, despite naming him as a defendant.).

While Burchfield was in jail, staff administered medication to her that was actually intended for J.L.  Doc. 1 at 11.  Staff ignored Burchfield's objections and continued to provide the medication, resulting in an adverse reaction that nearly killed Burchfield.  *Id*.

Burchfield asserts claims for obstruction of justice, denial of due process under the Fifth Amendment, denial of due process and equal protection under the Fourteenth Amendment, unlawful seizure under the Fourth Amendment, violation of her First Amendment rights, conspiracy to interfere with her civil rights, and abuse of process.  *Id*. at 6, 12–13.  She also asserts claims on J.L.'s behalf for deliberate indifference and medical neglect, as well as claims on her own behalf for false arrest and imprisonment, medical malpractice, and identity misuse.  Doc. 1-1 at 2.  Burchfield does not, however, connect her claims to specific defendants or conduct.

3

For relief, Burchfield seeks compensatory and punitive damages, attorney's fees, and costs. Doc. 1 at 8, 14–15; doc. 1-1 at 2. She also seeks declaratory relief, "an independent investigation and medical care" for J.L., and an injunction to prevent "further retaliation or cover-up by state actors." Doc. 1-1 at 2; *see also* doc. 1 at 8.

## II.   Standard

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented litigant's complaint under section 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per

4

curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff). Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### III. Discussion

As noted, Burchfield's complaint references several claims but does not tie them to factual allegations against individual defendants. *See* doc. 1 at 12; doc. 1-1 at 2. However, this lack of specificity does not materially impact the Court's analysis. The Court, construing the complaint liberally, *see Solomon*, 795 F.3d at 787, addresses the claims it can discern.

#### A. Claims on J.L.'s behalf

Burchfield attempts to assert claims on J.L.'s behalf for her removal and alleged abuse and neglect while in state custody. Doc. 1 at 8–9; doc. 1-1 at 2. At the time Burchfield brought this suit, J.L. was still a minor. But a nonlawyer parent may not pursue claims pro se on behalf of a minor child. *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020). What's more, J.L. is now a legal adult. *See* doc. 9 at 1 (noting that J.L. turned 18 years old on May 17, 2025). So, J.L. may conduct her own case, either personally or through counsel.

5

*See* 28 U.S.C. § 1654; *see also Crozier*, 973 F.3d at 887.  Indeed, Burchfield even notes that J.L. eventually plans to file her own lawsuit.  *See* doc. 9 at 3.

Burchfield lacks standing to bring these claims on J.L.'s behalf.  Standing is a jurisdictional requirement that a court may raise sua sponte at any time during the litigation.  *Delorme v. U.S.*, 354 F.3d 810, 815 (8th Cir. 2004).  To establish standing, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008).  Burchfield, a non-attorney, self-represented litigant, may not represent someone else in federal court.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . .").  So, to the extent Burchfield seeks to bring claims on J.L.'s behalf, she lacks standing to do so.  The Court therefore lacks jurisdiction over these claims, so it dismisses them.  *See S.D. Farm Bureau, Inc. v. Hazeltine*, 340 F.3d 583, 591 (8th Cir. 2003) ("If a plaintiff lacks standing, a court is without subject matter jurisdiction.").  The Court now addresses Burchfield's claims against specific defendants under section 1983.

**B.     Claims against specific defendants**

**1.     State of Missouri**

Burchfield lists the State of Missouri as a defendant in this case.  Doc. 1-1 at 1.  Under section 1983, a plaintiff may assert a private cause of action against a person who, acting under color of state law, deprives her of a constitutional or other federal right.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  But importantly, the state is not a "person" within the meaning of section 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).  Thus, absent a waiver or congressional abrogation, the state retains sovereign immunity.  *Alsbrook v. City of Maumelle*,

6

184 F.3d 999, 1005 (8th Cir. 1999).  Burchfield alleges no such waiver or abrogation.  Accordingly, the Court dismisses Burchfield's claim against the State of Missouri under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

### 2.      Judges Hoffman, Olsen, and Dodson

Burchfield alleges that Judge Jennifer Hoffman unlawfully authorized her arrest, doc. 1 at 10, and that Judge Olsen carried it out, doc. 1-1 at 2.  But judges have immunity from suits for damages, even when a plaintiff accuses a judge of acting with malice or bad faith.  *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018).  A litigant may overcome this immunity only for nonjudicial actions or actions the judge takes without jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).  Burchfield's allegations implicate neither exception.  And while a litigant may seek injunctive relief against a judge for an act or omission he takes in his official capacity, such relief is available only if the judge violates a declaratory decree or if declaratory relief was unavailable.  42 U.S.C. § 1983; *see also Scheffler v. Trachy*, 821 F. App'x 648, 653 (8th Cir. 2020).  Here, too, Burchfield's allegations implicate neither scenario.  Accordingly, the Court dismisses Burchfield's claims against Judge Hoffman and Judge Olsen under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Despite including Judge Jason Dodson as a defendant, Burchfield makes no factual allegations against him.  *See generally* doc. 1.  To prevail under section 1983, a plaintiff must establish each defendant's personal involvement in the alleged violation.  *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017).  Burchfield cannot do so on her alleged facts.  And even if she had alleged Judge Dodson's personal involvement, judicial immunity would bar her claims unless she could establish an applicable exception.  *See Woodworth*, 891 F.3d at 1090; *Mireles*,

7

502 U.S. at 11–12; *Scheffler*, 821 F. App'x at 653.  Accordingly, the Court dismisses Burchfield's claims against Judge Dodson under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

### 3. Mattingly, Smith, and Chandler

Burchfield names Nina Mattingly, Denise Smith, and Brittany Chandler as defendants and notes their employment with the Missouri Department of Social Services, *see* doc. 1 at 3; doc. 15-1 at 27, but she alleges no specific facts connecting any of them to the alleged misconduct.  So, Burchfield has not put Mattingly, Smith, or Chandler on notice that their personal liability is at stake in this case.  *See S.A.A. v. Geisler*, 127 F.4th 1133, 1139 (8th Cir. 2025).  The Court therefore construes the complaint as asserting only official-capacity claims against Mattingly, Smith, and Chandler.  *See id.*

Under section 1983, a plaintiff may assert a private cause of action against a person who, acting under color of state law, deprives her of a constitutional or other federal right.  *West*, 487 U.S. at 48.  But neither a state nor its officials acting in their official capacities are "persons" under section 1983.  *Will*, 491 U.S. at 71.  Absent a waiver or congressional abrogation, the state retains sovereign immunity.  *Alsbrook*, 184 F.3d at 1005.  Burchfield alleges no such waiver or abrogation.  Accordingly, the Court dismisses Burchfield's official-capacity claims against Mattingly, Smith, and Chandler under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Even if Burchfield brought individual-capacity claims against Mattingly, Smith, and Chandler, the Court would dismiss those claims.  Burchfield must establish each defendant's personal involvement in the alleged violation.  *White*, 865 F.3d at 1081.  Here, she does not allege that Mattingly, Smith, or Chandler personally participated in any misconduct.  The Court will not supply additional facts for a litigant, even if self-represented.  *Stone*, 364 F.3d at 914–15.  Therefore, even if the complaint included individual-capacity claims against Mattingly, Smith,

8

and Chandler, the Court would dismiss those claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which the Court may grant relief.

### 4. Davis

Burchfield also names Shomica Davis as a defendant and notes her employment with the Missouri Department of Social Services. Doc. 1-1 at 1. Unlike with Mattingly, Smith, and Chandler, Burchfield does allege specific facts connecting Davis to the alleged misconduct. Burchfield asserts that Davis ignored reports about J.L.'s alleged sexual assault, doc. 1-1 at 1, and that Davis "falsely claimed [J.L.] had ongoing treatment at Compass Medical Center," *id.* at 2. The Court therefore construes the complaint as asserting an individual-capacity claim against Davis, because by asserting these facts and seeking punitive damages, Burchfield has put Davis on notice that Davis's personal liability is at stake in this case. *See Geisler*, 127 F.4th at 1139–40. But Burchfield does not assert how Davis's actions violated *her* constitutional rights; rather, these allegations speak only to the alleged harm that J.L. suffered. As previously stated, Burchfield does not have standing to bring claims on J.L.'s behalf. *Warth*, 422 U.S. at 499. The Court therefore dismisses Burchfield's individual-capacity claims against Davis under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 5. Overland Police Department and Hazelwood Police Department

Burchfield asserts unlawful arrest claims against the Overland Police Department, doc. 1 at 3, 10, 12, and the Hazelwood Police Department, *id.* at 8; doc. 1-1 at 1. But a police department, as a subdivision of local government, is not a distinct suable entity under section 1983. *See Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming district court's dismissal of plaintiff's section 1983 claim against local police department because it was a subdivision of city government and not a suable entity). Therefore, the Court dismisses

Burchfield's claims against the Overland Police Department and Hazelwood Police Department under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 6. St. Louis County Jail

Similarly, Burchfield sues the St. Louis County Jail. Doc. 1-1 at 1. But, like police departments, "county jails are not legal entities amenable to suit" under section 1983. *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). The Court thus dismisses Burchfield's claim against St. Louis County Jail under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 7. The City of Hazelwood

Burchfield also sues the City of Hazelwood. Doc. 1 at 3. Section 1983 permits lawsuits against local governing bodies. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). To prevail on such a claim, a plaintiff must establish the governmental entity's liability for the alleged misconduct. *See Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016). Liability attaches where the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (citation modified); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Burchfield does not allege that the City of Hazelwood maintains an unconstitutional policy or custom, or that it acted with deliberate indifference in training or supervising its employees. Therefore, even accepting her allegations as true, the Court dismisses Burchfield's claims against the City of Hazelwood under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 8. Walter's Walk and Samantha Rank

Burchfield sues Walter's Walk and Samantha Rank for their alleged involvement in J.L.'s removal. Doc. 1 at 3, 8; doc. 1-1 at 1. She states that Rank, a therapist at Walter's Walk, reported Burchfield to the police during one of J.L.'s therapy sessions. Doc. 1 at 8. As already explained, however, section 1983 only applies to persons acting under color of state law. *West*, 487 U.S. at 48. Private conduct—even if wrongful—generally does not give rise to section 1983 liability. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1982). Burchfield does not allege that Rank or Walter's Walk acted under color of state law. Further, although parents have a protected liberty interest in the "care, custody, and control" of their children, *Troxel v. Granville*, 530 U.S. 57, 65 (2000), that does not include the right to avoid child abuse investigations, *Mitchell v. Dakota Cnty. Soc. Servs.*, 959 F.3d 887, 897 (8th Cir. 2020). Accordingly, the Court dismisses Burchfield's claims against Rank and Walter's Walk under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 9. Youth in Need

Finally, Burchfield sues Youth in Need for its alleged involvement in J.L.'s assault. Doc. 1 at 8; doc. 1-1 at 1. Like Walter's Walk, Youth in Need is a private organization, not a government official or entity. As such, its conduct generally does not give rise to section 1983 liability. *Lugar*, 457 U.S. at 936–37. Burchfield does not allege that Youth in Need acted under color of state law. Accordingly, the Court dismisses Burchfield's claims against Youth in Need under 28 U.S.C. § 1915(e)(2)(B)(ii).

In sum, the Court finds that Burchfield's complaint fails to state a claim upon which the Court may grant relief. Accordingly, the Court dismisses Burchfield's complaint without

prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). The Court also denies as moot Burchfield's motion for a temporary restraining order, doc. 7, and request for emergency protective relief, doc. 15.

C. **Motion to update case and request fee waiver and legal assistance**

On December 1, 2025, Burchfield filed a "Motion to Update Case and Request Fee Waiver and Legal Assistance." Doc. 17. She alleges that, on August 14, 2025, she was "assaulted by Corporal Cherry inside the Berkeley courtroom," causing her to sustain a broken rotator cuff and fractures to her neck, spine, and elbow. *Id.* at 1. She further states that she is "receiving ongoing medical care for these injuries," that the injuries "significantly limit" her ability to perform daily activities," and that the injuries created "substantial medical expenses." *Id.* Because Burchfield appears to assert a new claim against a new defendant, the Court construes her "motion to update" as a motion to amend her complaint. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (construing pro se motion liberally in favor of prisoner litigant).

But as construed, Burchfield's motion does not comply with the Local Rules and Judge's Requirements regarding amended pleadings because she attaches neither a tracked-changes nor a clean copy of her proposed amended pleading. *See* E.D.Mo. L.R. 4.07; Judge's Requirements at 4. Even looking past this error, however, Burchfield likely could not assert her new claim in this action, as it appears to arise out of a separate occurrence from her other claims. *See* Fed. R. Civ. P. 20(a)(2) (noting that a new defendant may be joined in an action if the right to relief asserted against him "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences"). Thus, Burchfield must raise this new claim against Corporal Cherry, if at all, in a separate action.

In her motion to update, Burchfield also asks the Court to (1) "[g]rant a waiver of court filing fees due to financial hardship," and (2) "[p]rovide information or assistance for obtaining

12

legal counsel." Doc. 17 at 3.  As discussed above, the Court grants Burchfield's motion to proceed *in forma pauperis* and waives the filing fee.  And the Court discusses Burchfield's request for legal counsel below.

### D. Motion for appointment of counsel

Along with her initial complaint, Burchfield filed a Motion for Appointment of Counsel and Affidavit in Support.  Doc. 2.  Less than one month later, Burchfield filed a second motion for appointment of counsel.  Doc. 6.  And in her most recent motion, Burchfield renews her request for counsel, asking the Court to "provide guidance or information on available legal assistance" because she is "not familiar with legal procedures or case law" and does not have "the financial means to hire an attorney."  Doc. 17 at 3.  Because the Court dismisses Burchfield's complaint, however, the Court denies Burchfield's requests for counsel as moot.

### E. Motion to seal

Finally, the Court addresses Burchfield's motion for leave to file under seal.  Doc. 9. Burchfield seeks to file under seal J.L.'s affidavit, which details the abuse J.L. suffered while in state custody.  *See* doc. 13-1 at 22.  Burchfield wishes to file this affidavit under seal "in the interest of safety, protection from retaliation, and ongoing trauma experienced by [J.L.]."  Doc. 9 at 1.

The Supreme Court has recognized "a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).  And the Eighth Circuit has "agree[d] with the other circuits that the common-law right of access applies to judicial records in civil proceedings." *Id.*  This "right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings

13

of public agencies.'" *Id.* (first citing *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993); and then quoting *Nixon*, 435 U.S. at 598). However, this right is not absolute. *See id.* at 1223. "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223.

Similarly, Local Rule 13.05(A) recognizes both the "the right of the public to access material filed with the Court," and the "right of parties . . . to seek the filing under seal of material and information lawfully kept confidential in civil and criminal cases." E.D.Mo. L.R. 13.05(A).

Here, Burchfield's interest in keeping the details of her daughter's abuse private outweighs the public's right of access. Because, as explained above, the Court finds that Burchfield cannot bring claims on J.L.'s behalf, the disclosure of J.L.'s affidavit is not related to the issues in Burchfield's case. Burchfield has also cited legitimate concerns about protecting her daughter from retaliation and further trauma. Granting the motion will not undermine the public's confidence in the Court's determinations on the merits of the case. These reasons, taken together, satisfy Burchfield's burden of demonstrating that J.L.'s affidavit should be filed under seal. The Court therefore grants Burchfield's motion to file the affidavit under seal. Doc. 9.

**IV.    Conclusion**

For these reasons, the Court grants Burchfield's [3] motion to proceed *in forma pauperis* and her [9] motion for leave to file under seal. The Court therefore orders that J.L.'s affidavit (doc. 13-1 at 22) be sealed and that Burchfield's motion (doc. 9) remain under seal. The Court dismisses, without prejudice, Burchfield's [1] Civil Complaint under 28 U.S.C. § 1915(e)(2)(B)

14

and denies her [17] motion for leave to amend. The Court also denies as moot Burchfield's [7] motion for temporary restraining order and [15] declaration and request for emergency protective relief. Finally, the Court denies as moot Burchfield's [2] [6] [17] motions for appointment of counsel.

So ordered this 17th day of February 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE